Matter of Toussaint v Doucey (2021 NY Slip Op 05972)





Matter of Toussaint v Doucey


2021 NY Slip Op 05972


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2020-06448
 (Docket Nos. V-8874-20/20A, V-8875-20/20A)

[*1]In the Matter of Frantz Toussaint, appellant,
v
Marie Doucey, respondent.


Frantz Toussaint, Port-au-Prince, Haiti, appellant pro se.
Dobrish Michaels Gross LLP, New York, NY (Robert S. Michaels and Merryl E. Steinberg of counsel), for respondent.
Anthony DeGuerre, Staten Island, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated August 14, 2020. The order dismissed the father's petition for a writ of habeas corpus and custody of the parties' children.
ORDERED that the order is affirmed.
The parties, who have two children together, were never married. For the summer of 2020, the mother and the children moved from New York to France, where the mother's relatives reside. The father, who resides in Haiti, demanded that the mother send the children to New York for the month of July, where he had previously planned to visit with the children during that time. When the mother refused to do so, offering instead to pay for the father's airfare to France to visit with the children, the father filed a petition for a writ of habeas corpus and custody of the parties' children, arguing, inter alia, that the mother had abducted the children to France. The Family Court dismissed the petition, and the father appeals.
A parental agreement executed by the parties in 2018 provided that the children would reside with the mother, and specifically contemplated the mother's place of residence to be either in the United States or Europe, depending upon her place of employment. Thus, the father cannot establish that he was unaware of the potentiality of the children's move to Europe, as the parties' agreement specifically provided for such a potentiality. As there was no other custody order in place, and the father had no greater right to the custody of the children than the mother, the children were not being illegally detained by the mother, and the father cannot establish a right to habeas corpus relief (see Matter of Kiara B. v Omar R., 147 AD3d 476).
Moreover, given that the "paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Justice F. [Jessica V.], 192 AD3d 1025, 1026), we note that the children and the mother were all born in France, and the mother's temporary move to France with the children was prompted by challenges created by the global COVID-19 pandemic and was undertaken to provide the children with a [*2]healthier environment in which to thrive. Accordingly, the determination of the Family Court was, based upon the record before us, made in the best interests of the children (see Domestic Relations Law § 70[a]).
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court